IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROBERT INMAN,                                                                                    PLAINTIFF
ADC #611056

v.                                          5:19-cv-00268-JM-JJV

ARKANSAS BOARD OF CORRECTION, *et al.*                            DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy or the original of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## I. INTRODUCTION

Robert Inman ("Plaintiff") is incarcerated at the Tucker Unit of the Arkansas Division of Correction. He has filed a *pro se* Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendants violated his constitutional rights. (Doc. No. 1.) After careful review of the Complaint, I find it should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## II. SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even

2

been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

Title 42 U.S.C. § 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivations of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). In order to state a claim pursuant to § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## III. PLAINTIFF'S COMPLAINT

On August 14, 2019, Plaintiff and five other ADC prisoners attempted to file a joint, *pro se* Complaint. (Doc. No. 1.) Pursuant to Court policy, the Clerk severed the Complaint into six lawsuits, including this one.[1] As it now stands, the Complaint is deficient in many respects.

First, the Complaint alleges approximately twenty Defendants violated the constitutional rights of "all inmates (present and future both) in all units of the ADC" in numerous factually and legally unrelated ways. (*Id.* at 9.) For instance, the Complaint claims Defendants: (1) denied

---

[1] Those lawsuits are: *Brownell v. Arkansas Board of Correction, et al.*, 5:19-cv-00264-JM-JJV (E.D. Ark.); *Hollis v. Arkansas Board of Correction, et al.*, 5:19-cv-00265-JM-JJV (E.D. Ark.); *Gibson v. Arkansas Board of Correction, et al.*, 5:19-cv-00266-JM-JJV (E.D. Ark.); *Walker v. Arkansas Board of Correction, et al.*, 5:19-cv-00267-JM-JJV (E.D. Ark.); *Inman v. Arkansas Board of Correction, et al.*, 5:19-cv-00268-JM-JJV (E.D. Ark.); *Darrough v. Arkansas Board of Correction, et al.*, 5:19-cv-00269-JM-JJV (E.D. Ark.).

prisoners adequate care for numerous different medical problems; (2) subjected prisoners to a variety of unlawful conditions such as peeling paint, contaminated water and food, and rat infestation; (3) failed to provide adequate security; (4) improperly changed inmates' classification levels; (5) interfered with prisoners' ability to access the courts; and (6) conducted "biased" parole hearings and "unconstitutional" disciplinary proceedings. (*Id*.) Most of these allegations are conclusory and, thus, insufficient to plead a plausible claim for relief. *See Iqbal,* 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a plausible § 1983 claim").

Second, multiple defendants may be joined in one lawsuit only if the claims against them arise "out of the same transaction, occurrence, or series of transactions and occurrences" and involve a "question of law or fact" that is "common to all defendants." Fed. R. Civ. P. 20(a)(2). And, the Eighth Circuit has held a prisoner cannot attempt to defeat the filing fee requirements in § 1915 by joining unrelated and legally distinct claims in one lawsuit. *See Bailey v. Doe*; Case No. 11-2410, 2011 WL 5061542 (8th Cir. Oct. 26, 2011) (unpublished opinion) (affirming a trial court's decision to sever a prisoner's complaint into three separate actions and obligating him to pay three separate filing fees); *see also* Fed. R. Civ. P. 21 (providing that a court may sua sponte "add or drop" an improperly joined party or claim). Plaintiff's contention that these factually and legally unrelated violations occurred at the same unit is insufficient to make joinder proper.

Third, a "prisoner cannot bring claims on behalf of other prisoners." *Martin v. Sargent*, 780 F.3d 1334, 1337 (8th Cir. 1985). The majority of the Complaint does not clarify how Plaintiff personally endured each constitutional violation or how he was harmed.

Similarly, the Complaint purports to be a class action. But, Plaintiff has not filed a motion seeking class certification or provided any evidence to support the requirements for class

4

certification found in Fed. R. Civ. P. 23. *See Postawko v. Mo. Dept. of Corr.*, 910 F.3d 1030 (8th Cir. 2018) (a party seeking class certification has the burden of establishing, with evidence, all of the requirements of Fed. R. Civ. P. 23).

The Complaint contains an affidavit, signed by Plaintiff, alleging he received constitutionally inadequate medical care. (Doc. No. 1 at 24). To proceed with that claim, Plaintiff must provide facts suggesting he had an objectively serious medical need and that each defendant subjectively knew of that need but deliberately disregarded it. *Barr v. Pearson*, 909 F.3d 919, 921 (8th Cir. 2018). In the affidavit, Plaintiff alleges his psychiatric medications have been stopped "cold turkey." (Doc. No. 1 at 24). But, he has not named the individual who allegedly did so. He also says that someone gave him the wrong medicine causing him to "die twice in the ambulance on the way to the ER." (*Id.*) But, again, he has not explained who made that mistake or how that single incident was something more than negligence or gross negligence. *See Moore v. Duffy,* 255 F.3d 543, 545 (8th Cir. 2001) (deliberate indifference, which goes well beyond negligence or gross negligence "requires proof of a reckless disregard of the known risk").

Finally, Plaintiff contends Defendant Wellpath, which is a corporation that contractually supplies medical care to ADC prisoners, is responsible for his inadequate medical care. There is no respondeat superior liability in § 1983 actions. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590-91 (8th Cir. 2004); *Burke v. N. D. Dep't. of Corrs. & Rehab.*, 294 F.3d 1043, 1044 (8th Cir. 2002). This means a corporation, such as Wellpath, cannot be held liable merely because its' employee committed a constitutional violation. (*Id.*) Instead, a corporation can be held liable, in a § 1983 action, only if there was a "policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006). Plaintiff has not raised any such allegations. Thus, he has failed to plead any plausible § 1983 claims.

Importantly, I have previously explained these pleading deficiencies to Plaintiff, given him sixty (60) days to file an Amended Complaint correcting them, and warned him I would recommend dismissal if he failed to timely do so. (Doc. Nos. 5, 7.) Plaintiff has not done so in the time allowed.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. No. 1) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 12th day of December 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."